Fields v General Conference of the United Methodist Church (2024 NY Slip Op 04810)

Fields v General Conference of the United Methodist Church

2024 NY Slip Op 04810

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 950932/21 Appeal No. 2702 Case No. 2023-05925 

[*1]David Fields, Plaintiff-Respondent,
v
General Conference of the United Methodist Church, et al., Defendants, General Board of the Global Ministries of the United Methodist Church Inc., Defendant-Appellant.

Faegre Drinker Biddle & Reath LLP, New York (Brian P. Perryman of the bars of the State of Virginia and the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Slater Slater Schulman LLP, Melville (Jay L.T. Breakstone of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about October 4, 2023, which, to the extent as appealed from as limited by the briefs, granted in part and denied in part the motion of defendant General Board of the Global Ministries of the United Methodist Church Inc. (Global Ministries) to dismiss the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted to dismiss the complaint as against Global Ministries for lack of personal jurisdiction. The Clerk is directed to enter judgment dismissing the complaint as against defendant Global Ministries.
In this action seeking damages for sexual abuse under the Child Victims Act, plaintiff alleges personal jurisdiction over the Global Ministries, a nondomiciliary of New York State, under CPLR 302(a)(1). The only plausible basis for asserting jurisdiction against Global Ministries is its alleged role in participating, along with other defendants, in the management, control, and operation of the church youth center where the alleged abuse occurred. Plaintiff's allegation regarding jurisdiction is based solely upon the evidence that Global Ministries, at the relevant time, held a mortgage over the church property that included a "use restriction" requiring the church to operate within the confines of the "Discipline" of the United Methodist Church, and had a status within the United Methodist Church organization that gave it a high level of control and authority with respect to the "joint mission" of the Methodist Church.
Based solely on these assertions, plaintiff concludes that Global Ministries would have had some actual control over church operations, or some power and duty to jointly oversee aspects of the church, including the hiring, training, and supervision of a youth boxing instructor who is alleged to have sexually abused plaintiff at the youth center. Because plaintiff's allegations in support of jurisdiction over Global Ministries rest entirely on unsupported assumptions regarding Global Ministries' control over the church operations based on the mortgage and its status in the Methodist Church hierarchy, it has failed to make a "sufficient start" in demonstrating the existence of personal jurisdiction (Bangladesh Bank v Rizal Commercial Banking Corp., 226 AD3d 60, 74 [1st Dept 2024]; see Coast to Coast Energy, Inc. v Gasarch, 149 AD3d 485, 487-488 [1st Dept 2017]).
Because there is no other basis for the allegation that Global Ministries had oversight over church matters, and plaintiff does not rely on any other allegations of New York-based contact, there is also no basis for a grant of limited jurisdictional discovery to further explore the allegations underlying its jurisdiction claim (see id. at 487).
In view of the foregoing, we need not reach the issue of whether the complaint should have been dismissed as against Global Ministries for failure to state a cause of action. Were we to reach the issue, we would find that [*2]there are only conclusory allegations concerning defendant's involvement in any aspect of the operations of the youth center, including as to the hiring, training, and supervising of its employees. Thus, plaintiff failed to adequately state any tort claim against Global Ministries in connection with the alleged abuse that occurred at the youth center.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024